**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| Patricia Morris, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| | : |
| v. | : |
| | : |
| Law Office of John E. Lindner, P.A.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, Plaintiff, Patricia Morris, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

3.      Plaintiff, Patricia Morris ("Plaintiff"), is an adult individual residing in Gambrills,

Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Law Office of John E. Lindner, P.A. ("John E. Lindner"), is a

Maryland  business entity with an address of 1920 Greenspring Drive, Suite 130, Timonium,

Maryland 21093, operates as a collection agency, and is a "debt collector" as the term is defined

by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by John E.

Lindner and whose identities are currently unknown to Plaintiff.  One or more of the Collectors

may be joined as parties once their identities are disclosed through discovery.

      6.     John E. Lindner at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

    **A.**  **The Debt**

      7.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original

creditor (the "Creditor").

      8.     The Debt arose from services provided by the Creditor, which were primarily for

family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. §

1692a(5).

      9.     The Debt was purchased, assigned or transferred to John E. Lindner for

collection, or John E. Lindner was employed by the Creditor to collect the Debt.

     10.    Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

    **B.**  **John E. Lindner Engages in Harassment and Abusive Tactics**

     11.    On or about October 28, 2016, John E. Lindner mailed Plaintiff an initial

collection letter which stated that it was "retained to liquidate the balance due on your above-

mentioned account(s). Should you desire to resolve this matter please contact my office at the

number listed above." (the "October 28, 2016 Letter").

     12.    The October 28, 2016 Letter additionally stated that "UNLESS YOU NOTIFY

THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU

DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE

WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING

WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE

VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN

2

VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU

A COPY OF SUCH JUDGMENT OR VERIFICATION."

13.     On or about November 15, 2016, within thirty days of Plaintiff's receipt of the

October 28, 2016 Letter and pursuant to the above disclosures, Plaintiff mailed a certified letter

to John E. Lindner disputing the Debt and requesting validation of the Debt (the "Dispute

Letter").  Specifically, Plaintiff asked John E. Lindner to "double check [the] balance" of the

alleged debt.

14.     John E. Lindner received and signed for the Dispute Letter on November 18,

2016.

15.     Upon receipt of Plaintiff's Dispute Letter, John E. Lindner failed to cease all

collection efforts until it responded to the Dispute Letter.

16.     Instead, on or about November 25, 2016, John E. Lindner mailed Plaintiff a

subsequent letter stating "Since you have failed to respond to our earlier correspondence and

remit the balance due on your above-referenced account, we are proceeding with the filing of a

law suit in order to collect the balance due."

17.     In the alternative, if the October 28, 2016 Letter was not in fact John E. Lindner's

initial communication with Plaintiff, then the October 28, 2016's statement advising Plaintiff that

she had the right to dispute the validity of the debt within the following thirty days, and that it

would assume the Debt was valid if Plaintiff did not did do so, was false and deceptive.

**C.  Plaintiff Suffered Actual Damages**

18.     Plaintiff has suffered and continues to suffer actual damages as a result of

Defendants' unlawful conduct.

19.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff

suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**</u>

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued to attempt to collect the Debt despite receipt of Plaintiff's dispute letter.

26.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

27.     Plaintiff is entitled to damages as a result of Defendant's violations.


<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.   Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3); and

4.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 11, 2017

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF